UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PARALEGAL STEWART,<br><br>　　　　　　Defendant. | Case No. 1:21-cv-00312-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　The Clerk of Court conditionally filed Plaintiff James Edward Jones's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request.[1] The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**1.　　Screening Requirement**

　　　　The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] On September 3, 2021, the Court severed Plaintiff's amended complaint (Dkt. 8), which asserts different claims against different defendants, into a new, separate action. *See* Dkt. 10; *Jones v. Rogers*, No. 1:21-cv-00340-DCN (D. Idaho). As a result, the initial Complaint in this case (Dkt. 3) remains the operative pleading in this case.

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Institution. Plaintiff alleges that, on several occasions in July 2021, Defendant Stewart—the prison paralegal—refused to place Plaintiff's letters in the mail, including letters to the ACLU. *Compl.*, Dkt. 3, at 2. Defendant allegedly refused to inform Plaintiff of the address of Idaho Legal Aid Services. Plaintiff also asserts that Defendant has "demand[ed]" to read all of Plaintiff's outgoing legal mail and has sent Plaintiff's legal mail "open for all to see in General Mail." *Id.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff asserts claims under 42 U.S.C. § 1983 and seeks monetary and injunctive relief.

4.   **Applicable Legal Standards**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, a prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Specific allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). A temporary delay in the delivery of mail resulting from a prison's security inspection, however, does not violate a prisoner's First Amendment rights. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). Different standards apply to restrictions on inmate mail, depending on whether the mail is considered legal mail or non-

Case 1:21-cv-00312-REP   Document 11   Filed 09/14/21   Page 4 of 12

legal mail.

Because "freedom from censorship is not equivalent to freedom from inspection or perusal," prison officials have the right to open and to inspect legal mail from attorneys to inmates or from inmates to attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). However, prison officials may not *read* an inmate's legal mail. *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (*Nordstrom II*) (First Amendment claim). "[E]ven a single instance of improper reading of a prisoner's [legal] mail can give rise to a constitutional violation." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (Sixth Amendment context); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) ("[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory.").

Inmates also "have a protected First Amendment interest in having properly marked legal mail opened [and inspected] only in their presence." *Hayes*, 849 F.3d at 1211. To state a colorable claim that legal mail was opened outside the presence of an inmate, the plaintiff must plausibly allege that the mail was to or from an attorney, that the mail was intentionally (not merely negligently), and that the mail "was properly marked as 'legal mail.'" *Id*.

Inmates also have a First and Fourteenth Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

343, 351 (1996). Prison officials are constitutionally permitted to impose reasonable regulations regarding the time, place, and manner in which law library facilities are used, so that all inmates can access the law library in a secure and orderly manner. *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).

To state a viable access to courts claim, an inmate must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Lewis*, 518 U.S. at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendant's actions] that he was unable even to file a complaint." *Id.* at 351.

A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that caused the frustration of the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Christopher v. Harbury*, 536 U.S. 403, 415-17 (2002).

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

litigating engines." *Lewis*, 518 U.S. at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360 (emphasis added). The right of access to applies only to direct appeals from convictions, habeas petitions, and civil rights actions regarding prison conditions. *Id*. at 354–55; *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis omitted).

5.  **Discussion**

Plaintiff has plausibly alleged that Defendant Stewart is a state actor and has violated the Constitution by refusing to place Plaintiff's items in the mail. Because the ACLU was one of the intended recipients, it is plausible that these items were intended to obtain or to further legal representation and, thus, may have been legal mail. Finally, Plaintiff has plausibly alleged that Defendant improperly read Plaintiff's legal mail and disseminated his legal mail to others.

However, the Complaint does not state a plausible access to courts claim. Plaintiff has not identified any underlying action with which Defendant's actions interfered. He alleges that Defendant did not provide him with the address for Idaho Legal Aid Services, but this is insufficient to plausibly establish an actual injury to Plaintiff's right to access the courts.

**6. Motion for Appointment of Counsel**

Plaintiff also seeks appointment of counsel. *See* Dkt. 9. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Plaintiff's Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, the Court does not have a sufficient basis upon which to assess the merits at this point in the proceeding. The Court also finds that Plaintiff has articulated the claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate later in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the

appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if possible.

7.  **Conclusion**

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds they are plausible—meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendant may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[2] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need

---

[2] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

IT IS ORDERED:

1. Plaintiff's request for appointment of counsel (Dkt. 9) is DENIED.

2. Plaintiff may proceed against Defendant Stewart as set forth above on the following claims: (1) claims of interference with mail, including legal mail, and (2) claims that Defendant improperly opened, read, and disseminated Plaintiff's confidential legal mail. All other claims are dismissed without prejudice. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.

3. Defendant will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to **Oscar Klaas, Deputy Attorney General for the State of Idaho, Idaho**

**Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706**, on behalf of Defendant Stewart.

4. Should any entity determine that the individual for whom counsel for the entity was served with a waiver is not, in fact, its employee or former employee, or that its attorney will not be appearing for the entity or for a former employee, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff.

5. If Plaintiff receives a notice indicating that service will not be waived, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service address of Defendant Stewart, or Plaintiff's claims may be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper

mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of

this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: September 14, 2021

David C. Nye
Chief U.S. District Court Judge