UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>                Plaintiff,<br><br>v.<br><br>PARALEGAL STEWART,<br><br>                Defendant. | Case No. 1:21-cv-00312-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). Defendant is a prison paralegal. Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. Plaintiff has been allowed to proceed on First Amendment claims that Defendant (1) interfered with Plaintiff's outgoing mail, including legal mail, by refusing to send it, and (2) improperly opened, read, and disseminated Plaintiff's legal mail. *See Init. Rev. Order*, Dkt. 11, at 9.

Now pending are the parties' cross-motions for summary judgment.[1] Plaintiff asserts that he is entitled to summary judgment on the merits of his claims. *See* Dkt. 29.

---

[1] Also pending are two additional motions filed by Plaintiff: (1) a Motion to Dismiss Defendant's Motion for Summary Judgment (Dkt. 29), which would have more appropriately been filed as an opposition to Defendant's Motion; and (2) a Motion to Amend Plaintiff's Motion for Summary Judgment (Dkt. 32), which the Court will grant to the extent that the Court has considered the additional argument contained in that motion.

MEMORANDUM DECISION AND ORDER - 1

Defendant asserts that Plaintiff did not exhaust available administrative remedies. *See* Dkt. 25.

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* Dkt. 23. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary.[2] *See* D. Idaho Loc. Civ. R. 7.1.

For the reasons that follow, the Court concludes that Plaintiff failed to exhaust available administrative remedies. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss this case with prejudice.

## SUMMARY JUDGMENT STANDARDS OF LAW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient

---

[2] Therefore, Plaintiff's Motion to Hear the Motion to Amend his Motion for Summary Judgment will be denied.

claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

In considering a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party, unless the non-moving party's version of those facts is "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

The party moving for summary judgment has the initial burden to show that each material fact cannot be disputed. Material facts are those "that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

To show that the material facts are not in dispute, the moving party may cite to particular parts of materials in the record or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ...." *Anderson*, 477 U.S. at 247–48. Rather, a case will survive summary judgment only if there is a *genuine* dispute as to a *material* fact.

If the moving party meets its initial responsibility, then the burden shifts to the non-moving party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Instead, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific, triable facts." *So. Ca. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Affidavits or declarations submitted in support of or in opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In determining admissibility for summary judgment purposes, it is the content of the evidence, rather than its form, that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(2). The Court must grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

Where, as here, the parties submit cross-motions for summary judgment, "each motion must be considered on its own merits." *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.* Where the party moving for summary judgment would not bear the burden of proof at trial, that party may prevail simply by "pointing out to the district court[] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Where the moving party *would* bear the burden of proof at trial, that party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (internal quotation marks omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. Direct testimony of the non-moving party must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). However, although all reasonable inferences which can be drawn from the evidence must be drawn in the light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630–31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

Statements in a brief, unsupported by the record, cannot be used to create a dispute of fact. *Barnes v. Indep. Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Ninth Circuit has "repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."

MEMORANDUM DECISION AND ORDER - 5

*Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir. 1988) (internal quotation marks omitted). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain "testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document." *Id.*

Pro se inmates are exempted "from *strict* compliance with the summary judgment rules," but not "from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). In opposing a motion for summary judgment, a pro se inmate must submit at least "some competent evidence," such as a "declaration, affidavit, [or] authenticated document," to support his allegations or to dispute the moving party's allegations. *Id.* at 873 (upholding grant of summary judgment against pro se inmate because the "only statements supporting [plaintiff's] ... argument are in his unsworn district court responses to the defendants' motion for summary judgment and to the district court's show-cause order").

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment on a single ground—that he sent "Letters to Admit" to the defense and has not received them back. *See* Dkt. 29-1 at 1. Plaintiff appears to contend that, because Defendant has not responded to these requests for admission, Defendant "has admitted to the fact of [the] letter[s] and genuineness of documents provided." *Id*. at 2 (capitalization regularized).

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. Under that Rule, if a party does not respond to properly propounded requests for

MEMORANDUM DECISION AND ORDER - 6

admission withing 30 days, the matter is deemed admitted. However, here, Defendant was not required to respond to Plaintiff's requests because those requests were not properly propounded.

The Court uses a bifurcated disclosure and discovery process in pro se prisoner cases. *See* Dkt. 11-1 at 3–4. Step 1 applies where, as here, the defendant "files a motion under Rule 12(b) or Rule 56 of the Federal Rules of Civil Procedure that addresses preliminary issues, such as failure to exhaust administrative remedies." *Id*. at 3. Thus, when Defendant filed his Motion for Summary Judgment, he was required to submit— and did submit—"all information, items, and documents related to" the exhaustion issue, including copies of concern forms and grievance forms. *Id*.; *see Ex. C through E to Willson Decl*., Dkt. 25-2. "No other disclosures or discovery about the merits of the claims and defenses is permitted under Step 1, unless the merits are intertwined with the preliminary procedural issues addressed in the motion." Dkt. 11-1 at 3.

Here, the question whether Plaintiff exhausted his administrative remedies is not intertwined with the merits of the case, and merits discovery is not yet permitted. *See* Dkt. 11-1 at 3 ("Step 2 [disclosure and discovery on the merits] applies to claims upon which a plaintiff has been authorized to proceed in an initial or successive review order when (a) the defendant files no preliminary motions that would limit discovery, or (b) some or all of the claims have survived a preliminary Rule 12(b) motion to dismiss or Rule 56 motion for summary judgment."). Plaintiff's requests for admission were improper, and Defendant's failure to respond thus does not render those facts admitted. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment.

MEMORANDUM DECISION AND ORDER - 7

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that on July 7, 12, and 22 of 2021, Defendant Stewart—the prison paralegal—refused to mail Plaintiff's letters, including letters to the ACLU. *Compl.*, Dkt. 3, at 2. Plaintiff also alleges that Defendant has "demand[ed]" to read all of Plaintiff's outgoing legal mail and has sent Plaintiff's legal mail "open for all to see in General Mail." *Id*. The Court considers these allegations as true for purposes of Defendant's Motion for Summary Judgment.

Defendant argues that Plaintiff's claims must be dismissed because Plaintiff did not exhaust available administrative remedies. Plaintiff acknowledges that he did not complete IDOC's grievance process, but he argues that he was not required to do so because those administrative remedies were not "available" to him. *See Compl.* at 2; Dkt. 28-1.

**1.     The Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[3] prisoners are required to exhaust all available administrative remedies within the prison system before they can include the claims in a civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without

---

[3] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Courts are not permitted to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirements." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. If a prisoner has failed to exhaust available administrative remedies, the appropriate remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled in part on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

An inmate is required to exhaust only those remedies that are "available." That is, an inmate must exhaust "those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth*, 532 U.S. at 738).

Lack of exhaustion is an affirmative defense. If the defendant shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and

MEMORANDUM DECISION AND ORDER - 9

generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. However, the ultimate burden of proving failure to exhaust remains with the defendant. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).

There are three general situations that can render a prison or jail grievance process unavailable to an inmate. First, an administrative procedure is not available, and therefore need not be exhausted, "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 578 U.S. at 643.

Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. "When rules are so confusing that no reasonable prisoner can use them, then they're no longer available." *Id.* (internal quotation marks and alteration omitted).

Finally, administrative remedies will be deemed unavailable if prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" or if administrators otherwise interfere with an inmate's pursuit of relief. *Id*. at 644. For example, if prison officials prohibited an inmate from accessing "the necessary grievance forms within the prison's time limits for filing the grievance," the plaintiff's failure to exhaust will be excused. *Albino*, 747 F.3d at 1172–73.

### 2. The IDOC's Grievance Process

IDOC has established a prison grievance process, which is contained in the record as Exhibit B to the Declaration of Kathleen Willson (Dkt. 25-2), the Grievance Coordinator at the prison in which Plaintiff is confined. All prison inmates go through an orientation when they arrive in prison, during which the grievance process is explained. *Willson Decl.*, ¶ 16.

The IDOC's grievance process consists of three stages. Any inmate with a concern is first required to seek an informal resolution by filling out a Concern Form "addressed to the staff member most capable of responding to and, if appropriate, resolving the issue." *Id*. ¶¶ 4–5. If the issue cannot be resolved informally through the use of a Concern Form, or if the staff member does not respond to the Concern Form, then the inmate must file a Grievance Form, which must be submitted within 30 days of the incident giving rise to the grievance. *Id*. ¶ 6. If an inmate is not satisfied with the response to the grievance, he must then file a grievance appeal. *Id*. ¶ 12. It is not until all three of these steps are completed that the inmate's grievance is exhausted.

### 3. Because Plaintiff Failed to Exhaust Available Administrative Remedies, Defendant Is Entitled to Summary Judgment

Plaintiff asserts that the IDOC's grievance process was not available to him—and, thus, he was not required to exhaust his claims—for several reasons. First, Plaintiff states that an inmate may have only three active grievances in the system at any given time. Plaintiff claims that, because he already had three grievances pending at the time of the

events giving rise to his claims in this action, he was prohibited from utilizing the grievance process to complain of Defendant's handling of Plaintiff's mail. Dkt. 28-1 at 1.

However, Plaintiff misstates the grievance policy on this point. It is true that an inmate generally may not have more than three grievances pending at any given time, but "[f]acility heads can waive" the three-grievance limit. *Ex. B to Willson Decl.* at 9, ECF p.23. Additionally, the three-grievance limit can be extended "if the limit itself will prevent the offender from filing a grievance within the allotted timeframes" set forth in the grievance procedure. *Id*. Thus, the grievance process was, in fact, available to Plaintiff even though he already had three pending grievances. Plaintiff simply did not ask for a waiver or extension of the three-grievance limitation or otherwise attempt to submit an additional grievance pertaining to Defendant's handling of Plaintiff's mail.

Second, Plaintiff alleges that Defendant said Plaintiff "could not grieve [Defendant] because he worked for us not IDOC." Dkt. 28-1 at 1. Plaintiff does not offer any facts about the circumstances surrounding this alleged statement by Defendant, such as when and where it was made. Further, the grievance policy itself clearly states that "*[a]ny* issue related to incoming or outgoing mail" can be grieved. *Ex. B to Willson Decl.* at 6, ECF p.20 (emphasis added). The plain language of the grievance policy informed Plaintiff that he could indeed file a grievance over Defendant's handling of his mail. Thus, Plaintiff's reliance on Defendant's supposed statement is not a genuine dispute of fact.

Third, Plaintiff claims he "was under time constraint[s]" because IDOC lost his legal mail. Dkt. 28-1 at 2. It is unclear precisely what time constraints Plaintiff is

MEMORANDUM DECISION AND ORDER - 12

referencing. In any event, even if Plaintiff had been under some sort of deadline so that he had to quickly send out the letters at issue in this case, he was not excused from exhausting his claims once Defendant engaged in the alleged unconstitutional conduct—that is, *after* Defendant refused to mail Plaintiff's letters and/or opened, read, and disseminated his legal mail.

Fourth, Plaintiff appears to assert that Defendant's Motion for Summary Judgment is untimely. Dkt. 28-1 at 3 ("They were to [sic] late in filing …."). Plaintiff is mistaken. Because the deadline for dispositive motions has not yet passed, Defendant's Motion for Summary Judgment was timely.[4] *See* Dkt. 17 (Nov. 22, 2021) ("All dispositive motions must be filed no later than 300 days after entry of this Order.").

Finally, Plaintiff states that he "should not have to grieve" an access-to-courts issue. Dkt. 32-1 at 2. As an initial matter, Plaintiff's access-to-courts claims have already been dismissed. *See* Dkt. 11 at 6, 9. More importantly, Plaintiff is simply wrong on the law. Exhaustion of administrative remedies is required for *every* claim "brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). There is no exception to the exhaustion requirement for certain types of claims. *See Booth*, 532 U.S. at 741 n.6 (stating that courts are prohibited from reading exceptions into the PLRA's exhaustion requirements).

---

[4] Plaintiff's reference to timeliness may pertain to the 30-day period within which a party may respond to requests for admissions. The Court has already explained why Plaintiff's requests for admission were improper and, as such, required no response from Defendant.

For the foregoing reasons, Defendant is entitled to summary judgment for lack of exhaustion.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Motion for Summary Judgment (Dkt. 32) is GRANTED to the extent the Court has considered Plaintiff's argument contained therein.

2. Plaintiff's Motion to Hear Motion to Amend Motion for Summary Judgment (Dkt. 31) is DENIED.

3. Plaintiff's Motion for Summary Judgment (Dkt. 29) is DENIED.

4. Plaintiff's Motion to Dismiss Motion for Summary Judgment (Dkt. 28) is DENIED.

5. Defendant's Motion for Summary Judgment (Dkt. 25) is GRANTED, and this case is DISMISSED without prejudice for failure to exhaust administrative remedies.

DATED: May 25, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge